Richard M. Pachulski (CA Bar No. 90073)
rpachulski@pszjlaw.com
Harry D. Hochman (CA Bar No. 132515)
hhochman@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760

Attorneys for Civic Real Estate Holdings III, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>CSPRF 2, LLC,<br><br>            Debtor. | Case No. 8:25-bk-12181-SC<br><br>Chapter 11<br><br>**MOTION OF CIVIC REAL ESTATE HOLDINGS III, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND FOR SANCTIONS FOR BAD FAITH FILING**<br><br>**[Application for Order Shortening Time for Hearing Filed Herewith]**<br><br>Date:     TBD<br>Time     TBD<br>Judge:   Hon. Scott C. Clarkson |

4910-8368-1116.1 07997.00002

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

Creditor Civic Real Estate Holdings III, LLC ("Civic") hereby submits this *Motion of Civic Real Estate Holdings III, LLC for Relief From the Automatic Stay and for Sanctions for Bad Faith Filing* (the "Motion"), moving for relief from the automatic stay and an award of sanctions on account of the bad faith filing of this petition in Delaware by CSPRF II, LLC (the "Debtor"). An *Application for Order Shortening Time for Hearing* has been filed concurrently.  The Motion is brought pursuant to 11 U.S.C. §§ 105 and 362 and Bankruptcy Rule 4003, and is based on the facts and argument set forth herein, the *Request for Judicial Notice* filed herewith, and such other and further evidence and argument as may be adduced at the hearing hereon.

In support of the Motion, Civic respectfully represents as follows:

## INTRODUCTION

The Debtor filed the instant case the day after this Court dismissed the involuntary case against Chantilly Road, LLC ("Chantilly"), which dismissal would have allowed Civic to foreclose at long last on its senior lien against Chantilly's property located at 1116 Chantilly Road, Los Angeles, California (the "Property").  As this Court is aware, the Debtor's manager, David Blatt, also manages Chantilly.  To obtain a stay of that day's scheduled foreclosure sale, Mr. Blatt chose to have the Debtor file, rather than Chantilly, for one reason only: the Debtor is a Delaware LLC and could file in Delaware, whereas Chantilly is a California LLC whose filing would end up in this Court, which has twice dismissed cases concerning the Property and has expressed concern over serial filings.  Mr. Blatt chose to have the Debtor file even though the Debtor (a) did not own the Property and (b) has no creditors, and so had nothing to reorganize and no ability to use the Property to do so.  To dress up its skeletal filing, however, it wrongly claimed this to be a single asset real estate case and wrongly claimed that it owes Civic $17.8 million.

On Civic's emergency motion to dismiss the case or transfer venue, the Delaware bankruptcy court (the Hon. Craig Goldblatt) agreed to hear the matter on an emergency basis and transferred venue to this Court.  But while the parties were waiting for the case to be transferred, and Civic was stayed from foreclosing, the Debtor went ahead on July 29, 2025 and foreclosed on

1  the Property itself!  As the parties are now configured, the Debtor *does* in fact own the Property,

2  and this case has become purely a two-party dispute between it and Civic.  Accordingly, Civic

3  requests immediate relief from the automatic stay in order to complete its foreclosure, which relief

4  is fully warranted for "cause" under 11 U.S.C. § 362(d), inasmuch as this is now a two-party

5  dispute and on account of the bad faith abuse of the bankruptcy process by the Debtor's manager.

6  Civic does not request that the Court dismiss this case, but to maintain jurisdiction in order to

7  consider sanctions and to prevent further machinations by Mr. Blatt.

## FACTUAL BACKGROUND

Nearly all relevant facts are matters of record in the two dismissed bankruptcy cases, and in particular this Court's orders abstaining and dismissing them.

On December 15, 2024, Chantilly commenced a voluntary chapter 11 petition in the United States Bankruptcy Court for the Central District of California.  As set forth in the Court's May 19, 2025 *Order (1) Sua Sponte Abstaining; (2) Dismissing Chapter 11 Case; and (3) Vacating Related Hearing* (Ex. 1 to the Request for Judicial Notice ["RJN"] filed herewith), the Court abstained and dismissed the case, on account of ownership issues that raised questions concerning Chantilly's authority to file the bankruptcy case, issues that were represented to be pending in state court litigation.

On May 25, 2025, certain creditors filed an involuntary chapter 7 petition against the Chantilly.  In that case, the Debtor (managed by Mr. Blatt) filed a motion for relief from stay against Chantilly (also managed by Mr. Blatt).  In that motion, the Debtor alleged that the value of the Property is $21,000,000.

After a status conference held on July 15, 2025, the Court issued its *Order Sua Sponte Abstaining and Dismissing Involuntary Petition* on July 17, 2025 (RJN Ex. 2).  The Court found in part:

> Based on the foregoing, CSPRF 2 (managed by Mr. Blatt) asserts that the First DOT and the Second DOT (held by Civic) exhaust all equity in the Property before considering the Third DOT (held by Allstate Lending) which secures an approximate $2.5 million claim. In other words, CSPRF 2 explicitly takes the position that Chantilly is insolvent, a position contrary to that of the Alleged Debtor (also managed by Mr. Blatt).

> The pleadings in this case, as well as in the Chapter 11 case,
> are rife with allegations of self-dealing, improper conduct, and
> corporate ownership disputes.

Order at 3. As the Court noted, Civic had also filed a motion for relief from the automatic stay, on July 8, 2025 (RJN Ex. 6) in which it states that it is owed $17,888,377.58, increasing by $7,552 daily, and that total debt against the Property on account of the three liens against it was $23,765,316.35 (and thus Chantilly has no equity in the Property). The Order states that "the Court stopped short of finding that this involuntary petition was filed in bad faith, but noted that it was a close call." RJN Ex. 2 at 6, n. 7.

Undeterred by the Court's warning, Mr. Blatt had the Debtor file the instant chapter 11 petition in Delaware the next day, July 18, 2025, representing the third sequential petition staying actions against the Property. The skeletal filing contained little more than the petition and Mr. Blatt's resolution authorizing the filing. *See* RJN Ex. 3. Notably, it represented that this is a single asset real estate case (though it owned no real estate), and listed Civic as a $17.8 million creditor (though it was not and is not a creditor of the Debtor). It listed only one other creditor, a law firm it owes $13,422. It has no income or operations.

Civic moved on an emergency basis for dismissal or transfer to the Central District of California, and after hearing on July 23, 2025, Judge Goldblatt granted transfer of venue, by order entered July 25, 2025. RJN Ex. 4.

On July 29, 2025, while the parties were waiting on the administrative process of transferring the case, the Debtor went ahead and used the protection of its stay to foreclose on the Property, for a credit bid of $3,375,938.77. *See* RJN Ex. 5 (public sale report). As a result, this has in fact become a single asset real estate case, pitting the Property owner versus the Property's senior lienholder whose foreclosure has been delayed eight months by three bankruptcy filings, two by related parties.

## ARGUMENT

**A.    The Court Should Grant Relief From the Automatic Stay**

Under 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay "for cause." "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-

1  by-case basis." *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921
2  (9th Cir. BAP 2009); *see Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d
3  1162, 1166 (9th Cir. 1990) ("'Cause' has no clear definition and is determined on a case-by-case
4  basis."). *See In re Mense*, 509 B.R. 269, 277-78 (Bankr. C.D. Cal. 2014).

5        The Ninth Circuit has recognized that a bad faith filing constitutes cause for relief from the
6  automatic stay. *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) ("The debtor's lack of good faith
7  in filing a bankruptcy petition has often been used as cause for removing the automatic stay. …").
8  The Ninth Circuit cited with approval the Fifth Circuit's oft-cited decision in *Matter of Little*
9  *Creek Development Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986), which listed the following non-
10 exclusive factors: (1) the debtor has only one asset; (2) the secured creditors' lien encumbers that
11 asset; (3) there are generally no employees except for the principals; (4) there is little or no cash
12 flow, and no available sources of income to sustain a plan of reorganization or to make adequate
13 protection payments; (5) there are few, if any, unsecured creditors whose claims are relatively
14 small; (6) there are allegations of wrongdoing by the debtor or its principals; (7) the debtor is
15 afflicted with the "new debtor syndrome" in which a one-asset equity has been created or
16 revitalized on the eve of foreclosure to isolate the insolvent property and its creditors; (8)
17 bankruptcy offers the only possibility of forestalling loss of the property.…" *Id*. at 1072-73; *In re*
18 *Blas*, 614 B.R. 334, 341 (Bankr. D. Alaska 2019). "The test is whether a debtor is attempting to
19 unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization
20 on a feasible basis." *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir.1994) (internal
21 quotation omitted); *In re Blas*, 614 B.R. at 340-41.

22       While petitions "arising out of a two-party dispute do not per se constitute a bad-faith
23 filing by the debtors," *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988), courts may find
24 bad faith where the case "is an apparent two-party dispute that can be resolved outside of the
25 Bankruptcy Court's jurisdiction." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 616 (B.A.P.
26 9th Cir. 2014) (citing cases). "Typical bad faith two-party dispute cases may involve delays on
27 the eve of trial (litigation tactics), forum shopping, new-debtor syndrome (special purpose
28 entities), repeat filers, and repeatedly delayed foreclosure sales." *Id*. *See, e.g., In re Kaplan*

*Breslaw Ash, LLC*, 264 B.R. 309, 335 (Bankr. S.D.N.Y. 2001) ("The case is essentially a two-party dispute between the Mortgageholder and the Debtor, and the timing of the Debtor's entry into bankruptcy (initially in New Jersey) has caused the Court to find as a fact that the Debtor timed its bankruptcy filing so that it could avail itself of the automatic stay in order to stop the foreclosure action. …").

These factors and more support granting relief from stay in this case. The Debtor has one asset, the Property. The Property is subject to secured liens that exceed its value. The Debtor has no employees and no business and no ability to make adequate protection payments. There is no creditor except a law firm owed $13,442, inasmuch as Civic is a creditor of Chantilly, not the Debtor. The Debtor's manager is clearly forum-shopping. While this is not a case of "new debtor syndrome," there have been repeated bankruptcy filings, and this is the second by related parties, filed for the obvious purpose of staving off foreclosure. *See In re Elkins*, No. 25-20065, 2025 Bankr. LEXIS 550, at *5 (Bankr. D. Conn. Mar. 7, 2025) (dismissing case where "[t]he Debtor's conduct evidences a series of bad faith filings made solely to hinder and delay the foreclosure action pending in state court. The Court notes that the Debtor has not only demonstrated such conduct, but has also done so in coordinated tag-team fashion.").

**B.     The Court Should Grant Sanctions Under Bankruptcy Rule 9011**

Bankruptcy Rule 9011(b) provides:

> By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.…

In turn, Bankruptcy Rule 9011(c) provides: "If, after notice and a reasonable opportunity to respond, the court determines that (b) has been violated, the court may, subject to the conditions in this subdivision (c), impose an appropriate sanction on any attorney, law firm, or party that committed the violation or is responsible for it. …"

These sanctions are applicable to bankruptcy petitions, and a bad faith petition is grounds for sanctions under Bankruptcy Rule 9011. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 829 (9th Cir. 1994).

> Bankruptcy Rule 9011, like its sister rule, Federal Rule of Civil Procedure 11, calls for the imposition of sanctions on litigants and attorneys who file pleadings and papers in violation of the rule's requirements. These requirements are two-fold: First, the signer of the pleading must certify it isn't frivolous, i.e., that "it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Bankr. R. 9011. Second, the signer must ensure that the paper or pleading "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Id. A plain reading of the rule's language suggests these are separate requirements, so that either frivolousness or improper purpose may serve as a basis for sanctions.…

*Id*. In *Marsch*, the court concluded that "bankruptcy courts must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *Id*. at 830. It concluded that the bankruptcy court did not abuse its discretion in imposing sanctions, since although there was arguably a basis for filing the petition, it was filed for an improper purpose. *Id*. at 830-31. Civic respectfully submits that this Court should hold likewise.

## CONCLUSION

WHEREFORE, Civic requests that the Court enter an order:

1. granting relief from the automatic stay to permit Civic to proceed with foreclosure proceedings under state law;

2. waiving for cause the stay provisions of Bankruptcy Rule 4003;

3. awarding sanctions, in an amount to be determined upon further briefing; and

4.  granting such other and further relief as the Court deems just and proper.

Dated: August 8, 2025    PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Richard M. Pachulski*
     Richard M. Pachulski
     Harry D. Hochman
     Attorneys for Civic Real Estate Holdings III, LLC

4910-8368-1116.1 07997.00002    8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): ***MOTION OF CIVIC REAL ESTATE HOLDINGS III, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND FOR SANCTIONS FOR BAD FAITH FILING*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 8, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kristin T Mihelic    *kristin.t.mihelic@usdoj.gov*
- United States Trustee (SA)    *ustpregion16.sa.ecf@usdoj.gov*

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 8, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Personal Delivery** | **Via Overnight Fedex** |
|---|---|
| Honorable Scott Clarkson, U.S. Bankruptcy Judge | Attorney for Debtor |
| United States Bankruptcy Court | Charles J Brown |
| Central District of California | Gellert Seitz Busenkell & Brown, LLC |
| Ronald Reagan Federal Building and Courthouse | 1 Commerce Center |
| 411 West Fourth Street, Suite 5130 | 1201 N Orange St Suite 300 |
| Santa Ana, CA 92701-4593 | Wilmington, DE 19801 |

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 8, 2025 | MYRA KULICK | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
4917-9118-3963.1 07997.00002

**EMAIL SERVICE LIST**

**Devan De los Reyes:**  *ddelosreyes@marshackhays.com, [ddelosreyes@ecf.courtdrive.com](mailto:ddelosreyes@ecf.courtdrive.com), alinares@ecf.courtdrive.com*

**D Edward Hays:**  *ehays@marshackhays.com, [ehays@ecf.courtdrive.com](mailto:ehays@ecf.courtdrive.com); [alinares@ecf.courtdrive.com](mailto:alinares@ecf.courtdrive.com); [cmendoza@marshackhays.com](mailto:cmendoza@marshackhays.com); cmendoza@ecf.courtdrive.com*

**Gabriel P Herrera:**  *gherrera@kmtg.com, bxiong@kmtg.com*

**Harris M Madnick:**  *hmmadnick@kramarmadnick.com*

**Richard Morin:**  *legal@rickmorin.net*

**Laila Rais:**  *lmasud@marshackhays.com, [lmasud@ecf.courtdrive.com](mailto:lmasud@ecf.courtdrive.com); [lbuchanan@marshackhays.com](mailto:lbuchanan@marshackhays.com); alinares@ecf.courtdrive.com*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
4917-9118-3963.1 07997.00002