| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Thomas B. Ure**<br>**8280 Florence Avenue, Suite 200**<br>**Downey, CA 90240**<br>**213-202-6070 Fax: 213-202-6075**<br>**170492 CA**<br>**tom@urelawfirm.com**<br><br>☐ Respondent appearing without attorney<br>☑ Attorney for Respondent | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>    **CSPRF 2, LLC**<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **8:25-bk-12181-SC**<br>CHAPTER: **11**<br><br>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**<br><br>DATE:  **August 13, 2025**<br>TIME:  **1:30 p.m.**<br>COURTROOM:  **5C**<br>PLACE:  **411 W Fourth St.**<br>            **Santa Ana, CA 92701** |
|---|---|

**Movant:**    **Civic Real Estate Holdings III, LLC**

**Respondent:**    ☑ Debtor    ☐ trustee    ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

    The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 1                                        **F 4001-1.RFS.RESPONSE**

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*):_____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

   The Debtor:
   (1) ☐ has no knowledge of the Property.
   (2) ☐ has no interest in the Property.
   (3) ☐ has no actual possession of the Property.
   (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☑ **OPPOSITION** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

   (1) ☐ Not all of the required parties were served.
   (2) ☐ There was insufficient notice of the hearing.
   (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☑ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:
   (1) ☐ The value of the Property is $_____ , based upon (*specify*):
   (2) ☐ Total amount of debt (loans) on the Property is $_____.
   (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.
   (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.
   (5) ☐ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit _____.
   (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.
   (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.
   (8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.
   (9) ☑ Respondent denies that this bankruptcy case was filed in bad faith.
   (10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.
   (11) ☐ Other (*specify*):

   c. ☑ Respondent asserts the following as shown in the declaration(s) filed with this Response:

   (1) ☐ The bankruptcy case was converted from chapter _____ to chapter _____.
   (2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.
   (3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.
   (4) ☐ The Debtor has equity in the Property in the amount of $ _____.
   (5) ☐ Movant has an equity cushion of $_____ or _____% which is sufficient to provide adequate protection.
   (6) ☐ The Property is necessary for an effective reorganization because (*specify*):
   (7) ☐ The motion should be denied because (*specify*):
   (8) ☑ An optional memorandum of points and authorities is attached in support of this Response.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 2     **F 4001-1.RFS.RESPONSE**

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☐ Declaration by the Debtor
☐ Declaration by trustee
☐ Declaration by appraiser

☐ Declaration by the Debtor's attorney
☐ Declaration by trustee's attorney
☑ Other (*specify*):  **MEMORANDUM OF POINTS AND AUTHORITIES**

Date:  **8/13/2025**

**Ure Law Firm**
Printed name of law firm for Respondent (if applicable)

**Thomas B. Ure**
Printed name of individual Respondent or attorney for Respondent

**/s/ Thomas B. Ure**
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                         **F 4001-1.RFS.RESPONSE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On November 20, 2023, CSPRF 2 LLC loaned $2,250,000.00 to Chantilly Road, LLC secured by a Deed of Trust related to the real property located at 1116 Chantilly Road, Los Angeles, CA 90077 ("Property"). CSPRF 2 LLC's Deed of Trust was junior to the lien held by Civic Real Estate Holdings III, LLC.

Civic's senior lien has a balance of approximately $17,000,000.00.

The Property is valued at approximately $21,000,000.00 and was appraised for $27,000,000.00 on August 4, 2024 and for $28,050,300.00 on February 7, 2025.

The Property is insured and no evidence has been presented that the Property is declining in value or that Movant's equity position is at risk.

**Prior Filings Related to Real Property**

**Case #1**

Voluntary Chapter 11 Petition Filed by Chantilly Road, LLC (Case No. 8:24-bk-13197-SC)

In this first case, CSPRF 2 LLC was a creditor who held the 2nd TD on the subject property. The filing of this case prevented CSPRF 2 LLC from conducting its pending non-judicial foreclosure sale. CSPRF 2 LLC filed a Motion for Relief (docket 29) and the case was eventually dismissed in part due to the efforts of CSPRF 2 LLC in advocating that Chantilly Road, LLC lacked authority to file the petition.

**Case #2**

Involuntary Chapter 7 Case filed on May 25, 2025 (Case No. 8:25-bk11409-SC)

In this second case, CSPRF 2 LLC remained a creditor in the case and, again, was prevented from conducting its pending non-judicial foreclosure sale. CSPRF 2 LLC once again filed a Motion for Relief (docket 7) as did Creditor Civic Real Estate Holdings III, LLC, the 1st TD holder (docket 13). Neither motion for relief was adjudicated due to the fact that the case was dismissed *sua sponte* by the Court.

///

**Significant Events After Prior Cases**

After the dismissal of the second bankruptcy case, CSPRF 2 LLC was finally able to conduct its non-judicial foreclosure of the Property and CSPRF 2 LLC was the successful bidder with its credit bid of $3,375,938.77 (see Movant's Request for Judicial Notice, item 5).

**Current Case**

CSPRF 2 LLC filed the instant case in order to prevent Movant from conducting its own non-judicial foreclosure so that CSPRF 2 LLC can have the opportunity to market and sell the Property, pay Movant in full and recover some or all of its own capital that it loaned to the initial borrower.

As a Delaware limited liability company, Debtor filed this case in Delaware.

Movant filed a Motion to Dismiss this case in the Delaware Bankruptcy Court based on alleged bad faith. The Motion sought the alternative relief of transferring venue to the Central District of California. The Delaware Bankruptcy Court denied the Motion to Dismiss but granted the request to transfer the case to the Central District of California.

Movant has brought this pending Motion based on the same bad faith arguments that were made in the earlier Motion and those bad faith arguments have been adjudicated and overruled by the Delaware Court.

## II.

## LEGAL ARGUMENT

**A.    THE MOTION FAILS TO FOLLOW THE LOCAL RULES AS IT IS NOT ON THE COURT'S MANDATORY FORM**

The Central District of the United States Bankruptcy Court requires the use of the mandatory Form 4001-1.RFS.RP.MOTION. Local Rule 4001-1(b)(1) provides:

> "An entity seeking relief from the automatic stay...must file a motion using the court-mandated F 4001-1 series of form motions. The failure to use the mandatory forms may result in the denial of the motion or the imposition of sanctions."

Movant has failed to use the Court's mandatory form warrants the denial of the motion and the imposition of sanctions.

**B.    THE MOTION PROVIDED 48 HOURS NOTICE WITH VIRTUALLY NO TIME FOR DEBTOR TO RESPOND**

Debtor asserts that this matter should be heard on a regular schedule pursuant to the Local Bankruptcy Rules. Movant in its Application for Order Shortening Time has mislead this Court into believing that there is some urgency in having this Motion heard with virtually no notice and extremely limited time to respond. As stated above, Movant has a significant equity cushion to protect its secured lien and Movant has provided no evidence that the Property is in any danger of diminution in value.

**C.    THE BAD FAITH ISSUES ASSERTED IN THE MOTION HAVE BEEN ADJUDICATED BY THE DELAWARE BANKRUPTCY COURT**

Movant filed a Motion to Dismiss this bankruptcy case on July 23, 2025. A hearing was held on the Motion and the case was not dismissed but rather was transferred to the Central District of California.

Debtor asserts that the bad faith issues raised in the prior Motion are the same issues raised in this Motion and, therefore, Movant should not be given an opportunity for a second bite at the apple.

**D.    THIS CASE WAS NOT FILED IN BAD FAITH**

Assuming *arguendo*, that this Court is not persuaded that the bad faith issues have been adjudicated by the Delaware Bankruptcy Court, Debtor asserts that this case was not filed in bad faith. There is no allegation that this Debtor or its principals has done any wrongdoing and this is not a "new debtor syndrome" case (as admitted in the Motion at page 6, lines 10-11).

Debtor has not been a party to a series of bad faith filings. Debtor was instrumental in getting the two prior bankruptcy filings dismissed and each prior case was dismissed on grounds other than bad faith.

In Movant's Application for Order Shortening Time, Movant attempts to persuade this Court that CSPRF 2 LLC's foreclosure of the Property during the pendency of this case is somehow another indicia of bad faith. That foreclosure did nothing to change the rights of Movant with

respect to the Property as it holds a senior lien.

## III.

## CONCLUSION

Based on the foregoing, Debtor respectfully requests that the Court deny the Motion for Relief or continue the hearing so that appropriate time is provided to respond more fully.

DATED: August 13, 2025            By: /s/ Thomas B. Ure  
                                                     Thomas B. Ure  
                                                     Attorney For Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**8280 Florence Avenue, Suite 200**
**Downey, CA 90240**

A true and correct copy of the foregoing document entitled (*specify*):   **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **8/13/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Harry D. Hochman     hhochman@pszjlaw.com, hhochman@pszjlaw.com
   Harris M Madnick     hmmadnick@kramarmadnick.com
   Kristin T Mihelic     kristin.t.mihelic@usdoj.gov
   Richard M Pachulski     rpachulski@pszjlaw.com
   United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
   Thomas B Ure     tom@urelawfirm.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/13/2025 | **Yolanda Segura** | /s/ Yolanda Segura |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 4     F 4001-1.RFS.RESPONSE